NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DARLENE WATSON, | : | |
| Plaintiff, | : | Civ. No. 04-6419 (GEB) |
| v. | : | **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, Commissioner of Social Security, | : | |
| Defendant. | : | |

**BROWN, District Judge**

This matter comes before the Court upon the appeal of plaintiff Darlene Watson ("Plaintiff") from the Commissioner of Social Security's final decision that Plaintiff was not entitled to Social Security and Supplemental Security Income under the Social Security Act ("the Act"). This Court, exercising jurisdiction pursuant to 42 U.S.C. § 405(g), and having considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78, will deny Plaintiff's appeal.

**I. BACKGROUND**

On June 28, 2002, Plaintiff filed an application for Supplemental Security Income ("SSI") and medical assistance under Titles XVI and XIX of the Act, with a protective filing date of May 23, 2002. Record ("R.") at 42-44. Plaintiff based her application for assistance on back injuries, high blood pressure, and depression. R. at 50. Plaintiff alleged that these ailments resulted in an inability to concentrate, and prevented her from standing or sitting for long periods of time. Id.

On or about October 17, 2002, the Social Security Administration denied Plaintiff's SSI claim. R. at 25-29.  A request for reconsideration of this decision was denied on March 6, 2003.  R. at 31-33.  On or about March 10, 2003, Plaintiff filed a Request for Hearing by Administrative Law Judge.  R. at 34.  On December 8, 2003, Administrative Law Judge ("ALJ") Gerald Ryan conducted a hearing to determine whether Plaintiff was disabled and thus entitled to benefits.  See R. at 175-217.

Plaintiff was the sole witness at the hearing. During questioning by the ALJ, Plaintiff testified that she is unable to work because she is experiencing a lot of pain and discomfort and is suffering from depression.  R. at 179.  Plaintiff testified that the pain goes from her neck down to her toes on her left side.  Id.  Plaintiff further testified that she has pain in her hip area when she walks.  R. at 180.  Plaintiff further expressed that she has had very bad muscle spasms and has high blood pressure.  Id.  Plaintiff stated that she last worked in August of 2001 as a housekeeper.  Id.  The records demonstrated that Plaintiff worked approximately three months as a housekeeper in 2001 before being admitted to a hospital for a minor stroke.  R. at 181-82.  Plaintiff testified that she does not do any housework or cooking and that her children do the household chores.  See R. at 184-85.  Plaintiff testified that she owns a vehicle but had not driven since the prior year and that her daughter-in-law drives her around.  R. at 185-86.

Plaintiff testified that she has seen a neurologist for her back, side, shoulder, and neck pain.  Id.  Plaintiff further testified that she has been through physical therapy and uses back and knee braces.  R. at 187.  Plaintiff testified that she has difficulty using her left hand due to numbness.  R. at 189.  Plaintiff further testified that she sometimes experiences blurred vision and wears corrective lenses.  Id.  Plaintiff testified that she takes medication for her pain.  R. at

191.  Plaintiff testified that she was treated sometime around 2002 for mental health problems. R. at 191-92.

On examination by her attorney, Plaintiff testified that her prior work experience exclusively involved labor performed while standing and that she never had to do more than light lifting at any job.  R. at 192-93.  Plaintiff testified that she injured her neck and back in a car accident in 1996 and worked sporadically after that.  R. at 194.  Plaintiff testified regarding the recurring pain she experienced following the accident.  R. at 195-97.  Plaintiff testified that the back pain prevents her from standing up straight for more than ten minutes.  R. at 197.  Plaintiff testified that she spends most of her days laying in bed with her back up.  R. at 201-02.

The ALJ held the record open until May 4, 2004, and issued a decision on May 26, 2004, in which he determined that Plaintiff is not disabled and therefore ineligible for SSI payments under the Act.  R. at 11-22.  The ALJ concluded that, although Plaintiff suffers from a depressive disorder, it has resulted in no more than mild limitations on Plaintiff's ability to conduct her activities of daily living.  R. at 21.  Furthermore, the ALJ concluded that Plaintiff was not disabled as defined in the Act because there was no medical evidence showing any impairment that would last for twelve months.  R. at 19, 21-22.

In his written opinion, the ALJ noted the Social Security Administration's sequential evaluation process followed to determine disability.  See R. at 17-28; 20 C.F.R. § 416.920 (2005).  After reviewing the entire record, the ALJ made the following findings: 1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; 2) Plaintiff's orthopedic disorders, hypertension, and depression are not severe based on the requirements in the regulations and would not preclude her from performing light, simple repetitive tasks; 3)

Plaintiff's medically determinable orthopedic disorders, hypertension, and depression do not prevent her from performing her past relevant work; and 4) Plaintiff was not under a disability as defined in the Act at any time through the date of the ALJ's decision.  R. at 22.

On or about July 29, 2004, Plaintiff requested that the Appeals Council review the ALJ's decision.  R. at 10.  The Appeals Council denied the request on November 2, 2004.  R. at 5-9.  Plaintiff then filed the instant civil action with this Court, seeking review of the Social Security Administration's denial of SSI benefits.

## II. DISCUSSION

### A.  Standard Of Review For Social Security Appeals

The Commissioner's decisions as to questions of fact are conclusive before a reviewing court if they are supported by "substantial evidence in the record."  42 U.S.C. § 405(g); Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000).  "Substantial evidence" means more than "a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)(quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)).  If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently."  Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001)(citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)).

The Third Circuit has made it clear "that determination of the existence *vel non* of substantial evidence is *not* merely a quantitative exercise.  A single piece of evidence will not satisfy the substantiality test if the Secretary ignores, or fails to resolve, a conflict created by

countervailing evidence." Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983). The ALJ must analyze all the evidence and explain the weight he has given to probative exhibits. Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)(internal citation omitted). As the Third Circuit has held, access to the ALJ's reasoning is indeed essential to a meaningful court review. Fargnoli, 247 F.3d at 42. Nevertheless, the district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992)(citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)).

    B.  Standard For Awarding Benefits

A plaintiff may not receive benefits under the Act unless he or she first meets statutory insured status requirements. A plaintiff must be disabled, which is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is not under a disability unless "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives or whether a specific job vacancy exist for him, or whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A).

Regulations promulgated under the Act establish a five-step process for an ALJ's evaluation of a claimant's disability. 20 C.F.R. § 404.1520 (2005). In the first step, the ALJ must determine whether the claimant is currently engaged in "substantial gainful activity." 20

5

C.F.R. § 404.1520(a)(4)(i).  If the claimant is working and the work is a substantial gainful activity, his application for disability benefits is automatically denied.  Id.  If the claimant is not employed, the ALJ proceeds to step two and determines whether the claimant has a "severe impairment" or "combination of impairments."  20 C.F.R. § 404.1520(a)(4)(ii).  A claimant who does not have a "severe impairment" is not disabled.  Id.  Third, if the impairment is found to be severe, the ALJ determines whether the impairment meets or is equal to those impairments listed in Appendix 1 of this subpart ("the Listing").  20 C.F.R. § 404.1520(a)(4)(iii).  If so, the claimant is conclusively presumed to be disabled, and the evaluation ends.  Id.; 20 C.F.R. § 404.1520(d).

If it is determined that the impairment does not meet or equal a listed impairment, the ALJ proceeds to step four, which requires a determination of: (1) the claimant's capabilities despite limitations imposed by an impairment ("residual functional capacity," or "RFC"); and (2) whether those limitations prevent the claimant from returning to work performed in the past ("past relevant work").  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is found capable of performing his previous work, the claimant is not disabled.  Id.  If the claimant is no longer able to perform his prior line of work, the evaluation must continue to the last step.  The fifth step requires a determination of whether the claimant is capable of adjusting to other work available in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  The ALJ must consider the RFC assessment, together with claimant's age, education, and past work experience.  20 C.F.R. § 404.1520(g).  Thus, entitlement to benefits turns on a finding that the claimant is incapable of performing her past work or some other type of work in the national economy because of her impairments.

The application of these standards involves shifting burdens of proof.  The claimant has

the burden of demonstrating both steps one and two, i.e., an absence of present employment and the existence of a medically severe impairment. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant is unable to meet this burden, the process ends, and the claimant does not receive benefits. Id. If the claimant carries these burdens and demonstrates that the impairments meet or equal those within the Listing, claimant has satisfied her burden of proof and is automatically entitled to benefits. Id. If the claimant is not conclusively disabled under the criteria set forth in the Listing, step three is not satisfied, and the claimant must prove "at step four that the impairment prevents her from performing her past work." Id. Thus, it is the claimant's duty to offer evidence of the physical and mental demands of past work and explain why she is unable to perform such work. If the claimant meets this burden, the burden of proof then shifts to the Commissioner to show, at step five, that the "claimant is able to perform work available in the national economy." Id. The step five analysis "can be quite fact specific." Burnett v. Commissioner, 220 F.3d 112, 126 (3d Cir. 2000).

    C. <u>The ALJ's Decision Was Based Upon Substantial Evidence In The Record</u>

Plaintiff alleges that the ALJ's decision was not based upon substantial evidence in the record. Plaintiff specifically contests the ALJ's determination that Plaintiff's ailments are not severe and thus she is not disabled. Pl.'s Br. at 9. Plaintiff further argues that the ALJ's decision "completely ignored" the sequential evaluation process set forth in the regulations. Pl.'s Br. at 10.

The ALJ's opinion summarized all of the evidence in the record, which included Plaintiff's admission to Raritan Bay Medical Center and examination by Dr. Wasilewski in August 2001, an evaluation at the Family Practice Center by Dr. Kobylarz in March 2002 and

7

again in May and October 2002, two examinations at the Robert Wood Johnson University Hospital emergency room in October 2002, followed by examinations by Dr. Kobylarz in October 2002 and November 2002.  See R. at 15-17.  The records over that period of time demonstrated Plaintiff's improving prognosis as the November 2002 examination showed Plaintiff's blood pressure readings to be normal and Plaintiff did not complain of any headaches, chest pain, shortness of breath, or diplopia, with her hypertension controlled.  R. at 17.

The ALJ also referenced Plaintiff's consultative physical examination by Dr. Bagner in September 2002 and Dr. Zeiguer's psychiatric consultative examination in September 2002.  R. at 18-19.  The physical examinations demonstrated that while Plaintiff ambulated slowly and did experience pain, she generally had normal range of movement.  R. at 18.  The mental status examination resulted in a diagnosis of a history of depression associated with pain and a loss of earnings.  R. at 19.

Finally, the ALJ noted Plaintiff's Activities of Daily Living Questionnaire from July 2002 and her Function Report from January 2003.  R. at 19.  The first report stated that Plaintiff does not prepare meals too often or do vacuuming nor does she go to the grocery store or the mall very often because she cannot handle the walking and standing.  Id.  However, in the second report Plaintiff stated that she spends her days doing housework and that she prepares meals four to five times a week.  Id.  Furthermore, although Plaintiff still complained of pain resulting in loss of sleep, Plaintiff stated that she goes out once or twice a week, goes food shopping, and enjoys sitting at home and watching movies.  Id.

Although the Court agrees that the format of the ALJ's written decision did not explicitly note at which step the process was concluded, the Court finds that the decision as a whole

demonstrates the ALJ's reasoning and provides for meaningful court review. Leaving aside the form of the ALJ's opinion, the Court further finds that Plaintiff misreads the substance of the ALJ's decision in contesting it on appeal. Plaintiff asserts that the ALJ found Plaintiff to be suffering from a severe psychiatric impairment, yet the written decision contains no such finding. See Pl.'s Br. at 10. Although the ALJ determined that Plaintiff has a depressive disorder "within the context of medical listing 12.04," the ALJ did not state that this disorder "meets or medically equals a listed impairment" as required by the regulations. R. at 21. Moreover, in reaching the ultimate conclusion, the ALJ reiterated the finding that Plaintiff's disability has not met the preliminary requirement under the Act of lasting for a period of twelve months. R. at 21-22.

    Most importantly, Plaintiff failed to contest the ALJ's conclusion that Plaintiff's impairment did not, or can not be expected to, last for a period of twelve months, which is a component of the statutory definition of disabled. The Court finds that the ALJ made a reasonable determination of Plaintiff's improving condition in large part from Plaintiff's own words as taken from the Activities of Daily Living Questionnaire and Function Report that Plaintiff completed in July 2002 and January 2003. R. at 19. Considering that the ALJ held the record open for nearly five months following the hearing without Plaintiff submitting any documentation of an impairment that would last for twelve months, it is reasonable to believe that no such impairment exists. Accordingly, the Court finds that the ALJ rendered a decision based upon substantial evidence in the record and Plaintiff's appeal is denied.

## III.  CONCLUSION

      For the reasons stated herein, Plaintiff's appeal is denied.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: January 20, 2006

                                                s/ Garrett E. Brown, Jr.
                                          GARRETT E. BROWN, JR., U.S.D.J.